IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **MEDIX STAFFING SOLUTIONS, INC.,**<br><br>    **Plaintiff,**<br><br>  v.<br><br>**WILLIAMS, COHEN & GRAY, INC., ROBERT D. WILLIAMS, and DAVID GIANECHINI,**<br><br>    **Defendants.** | **Case No. 13 C 2640**<br><br>**Hon. Harry D. Leinenweber** |

### MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Motion to Dismiss Plaintiff's Complaint for Lack of Subject-Matter Jurisdiction and Lack of Personal Jurisdiction. For the reasons stated herein, the Motion is denied.

### I. BACKGROUND

This case involves a business dispute between Plaintiff Medix Staffing Solutions ("Plaintiff") and Defendants Williams, Cohen & Gray, Inc. ("WCG"), Robert D. Williams ("Williams"), and David Gianechini ("Gianechini"). Plaintiff is an Illinois corporation with its principal place of business in Illinois, and WCG is a Texas Corporation.

As alleged in the Complaint, Plaintiff contracted with WCG for debt collection services. WCG was responsible for settling debts on Plaintiff's behalf, with those settlements subject to

Plaintiff's approval. WCG would then facilitate collection of the settlement amount, and remit the money to Plaintiff after the deduction of WCG's fee.

Plaintiff alleges that WCG, on its way to going out of business, engaged in a "firesale" practice of collecting numerous debts at unreasonably low rates without the knowledge, consent, or authorization of its clients, such as Plaintiff. WCG then took the money from the unauthorized settlements, but did not remit any portion to Plaintiff. WCG is alleged to have settled fraudulently two of Plaintiff's debts, one for $29,302.00 and another for $40,565.00.

Plaintiff alleges six counts, all of them under Illinois law. Against the WCG, Plaintiff alleges breach of contract, common law fraud, consumer fraud, and conversion. Plaintiff also brings one count of conversion each against Williams and Gianechini in their individual capacities. Defendants ask this Court to dismiss on either of two grounds: (1) that the Court lacks subject-matter jurisdiction over the case because the amount in controversy requirement is not met; or (2) that the Court lacks personal jurisdiction over the Defendants.

## II. <u>LEGAL STANDARD</u>

A complaint must provide a short and plain statement of the claim showing the plaintiff is entitled to relief. FED. R. CIV. P. 8(a)(2). A Rule 12(b)(6) motion to dismiss challenges the legal

sufficiency of a complaint.  *Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7,* 570 F.3d 811, 820 (7th Cir. 2009).  When ruling on a 12(b)(6) motion, the Court construes a complaint in the light most favorable to the plaintiff and accepts all well-pled facts as true.  *Justice v. Town of Cicero,* 577 F.3d 768, 771 (7th Cir. 2009).

### III.  **ANALYSIS**

#### A.  Subject-Matter Jurisdiction

This Court has original jurisdiction over civil actions between diverse parties where the amount in controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a).  Defendants do not contest diversity of citizenship, but they dispute whether the amount in controversy meets the jurisdictional minimum.

Where a party challenges the amount in controversy allegation, the plaintiff must provide "competent proof" that the claim meets or exceeds the jurisdictional amount.  *Rexford Rand Corp. v. Ancel,* 58 F.3d 1215, 1218 (7th Cir. 1995).  "Competent proof" means "proof to a reasonable probability that jurisdiction exists."  *Id.*  Plaintiff alleges that Defendant settled fraudulently two debts, one for $29,302.00 and another for $40,565.00.  Because Plaintiff has lost the ability to settle those debts on its own, it claims entitlement to at least the sum of those debts, or $69,867.00.

That total is below the jurisdictional threshold, but that is not the end of the inquiry. Plaintiff argues that it may be entitled to punitive damages, which would result in a verdict in excess of $75,000. Where a Plaintiff relies on punitive damages to meet the amount in controversy, the Court must first determine whether punitive damages are recoverable under state law. *LM Ins. Corp. v. Spaulding Enters. Inc.,* 533 F.3d 542, 551 (7th Cir. 2008). If punitive damages are available, the Court has jurisdiction "unless it is legally certain that the plaintiff will be unable to recover the requisite jurisdictional amount." *Id.*

In Illinois, punitive damages may be awarded where a tort was committed under circumstances showing "fraud, actual malice, deliberate violence or oppression, or when the defendant acts willfully, or with such gross negligence as to indicate a wanton disregard of the rights of others." *Kelsay v. Motorola, Inc.,* 384 N.E.2d 353, 359 (Ill. 1978). Plaintiff alleges that Defendants are liable for common law fraud based upon intentional misrepresentations and other deceptive practices. Plaintiff's Count III alleges a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, violations of which can justify punitive damages under the right circumstances. *Martin v. Heinold Commodities, Inc.,* 643 N.E.2d 734, 756-57 (Ill. 1994). In this case, punitive damages are recoverable under state law, and this Court has no grounds to say with legal certainty that Plaintiff

will not be able to recover the requisite jurisdictional amount. Thus, the Court is satisfied that Plaintiff has met the jurisdictional minimum.

Because Plaintiff has satisfied the amount in controversy for at least one count, if not more, the Court has subject-matter jurisdiction over the case. *See, Johnson v. Wattenbarger,* 361 F.3d 991, 993 (7th Cir. 2004) (explaining that "[i]t is the case, rather than the claim, to which the $75,000 minimum applies").

### B.  Personal Jurisdiction

Where the jurisdiction of a federal court is premised on diversity, the court has personal jurisdiction over a defendant only if a state court where the district court sits would have personal jurisdiction. *Hyatt Int'l Corp. v. Coco,* 302 F.3d 707, 713 (7th Cir. 2002).  A person who commits a tortious act within Illinois thereby submits to the jurisdiction of Illinois courts as to any cause of action arising from the tortious act.  735 Ill. Comp. Stat. 5/2-209(a)(2).  The tortious act must result in an injury and the injury must occur in Illinois. *Bolf v. Wise,* 255 N.E.2d 511, 512 (Ill. Ct. App. 1970).  Plaintiff alleges that it suffered money damages as a result of Defendants' tortious acts of fraud and conversion.  This damage was sustained in Illinois because Plaintiff is an Illinois corporation with its principal place of business in Illinois.

Defendants argue that it would violate due process for an Illinois court to exercise jurisdiction over them. Defendants' due process argument is based on the principle that there must be "minimum contacts" between the nonresident defendant and the forum state before the latter may exercise jurisdiction over the former. *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 291 (1980). In this case, Defendants contracted knowingly with an Illinois company. Defendants had every reason to anticipate that, should something go wrong with the business relationship, Plaintiff would bring suit in Illinois. In addition, Illinois has an interest in providing a forum for its residents. *McGee v. Int'l Life Ins. Co.,* 355 U.S. 220, 223 (1957) (state had jurisdiction where its residents contracted with foreign corporation). This exercise of jurisdiction does not offend traditional notions of fair play and substantial justice and does not violate due process. *See, Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945).

## IV. CONCLUSION

For the reasons stated herein, Defendants' Motion to Dismiss [ECF No. 8] is denied.

**IT IS SO ORDERED.**

_____
Harry D. Leinenweber, Judge
United States District Court

Date: October 10, 2013